IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 03-cv-1095-JLK-GJR

UNITED STATES OF AMERICA,

    Plaintiff,

v.

74.33 ACRES OF LAND, MORE OR LESS,
    LOCATED IN LA PLATA COUNTY,
    STATE OF COLORADO; and

SHIRLEY ISGAR, et al.

---

## REPORT AND RECOMMENDATION ON MOTION FOR SUMMARY JUDGMENT

---

This matter comes before this Court on the Isgar Defendants' Motion for Summary Judgment, referred to the undersigned by the Honorable John L. Kane, United States District Court Judge.

### BACKGROUND

The United States, at the request of the Secretary of the Department of the Interior, is seeking to take certain property for the public use under the power of eminent domain to construct the Ridges Basin Dam and Reservoir (the Animas-LaPlata Project).

On June 16, 2003, the United States filed a condemnation action captioned United States v. 117.15 Acres of Land and Shirley Isgar, et al., civil action number 03-

cv-1095-JLK-GJR, referred to as the Isgar condemnation.

On July 18, 2003, the United States filed a condemnation action captioned United States v. 118.89 Acres of Land and Wheeler One Trust, et al., civil action number 03-cv-1298-JLK-GJR, referred to as the Wheeler condemnation.

Included in the Wheeler condemnation was a parcel of land, identified then as parcel RBR-4D, consisting of 9.15 acres of land, more or less.

Through the course of litigation in the two condemnation actions, it became apparent that a dispute exists between the Wheeler Defendants and the Isgar Defendants concerning title to the 9.15 acres of land.  Both parties claim all right, title and interest in the 9.15 acre strip of land.

It has been agreed by and between the Isgar Defendants and the Wheeler Defendants that the title dispute involving this 9.15 acre parcel of land [referred to in the instant action as parcel RBR-5D (fee)], will be resolved during the litigation in the amended Isgar condemnation (civil action number 03-cv-1095-JLK-GJR).  (See Stipulated Consent To File Amended Complaint in Condemnation, attached as exhibit 20 to the Isgar Defendants' Motion for Summary Judgment.)

MOTION FOR SUMMARY JUDGMENT

The Isgar Defendants, asserting that the issue of ownership of the disputed parcel is ripe, filed a Motion for Summary Judgment.

Rule 71A of the Federal Rules of Civil Procedure governs the procedure for the condemnation of real property under the power of eminent domain.

Nothing in Rule 71A would appear to prohibit or limit the use of a Rule 56 summary judgment motion in a condemnation action. The Isgar Defendants have represented that the the Wheeler Defendants agree that the dispute regarding ownership of the 9.15 acre parcel of land can be resolved through the summary judgment procedure. Both parties seek a determination of the ownership of the disputed parcel as early as possible and before commencement of the trial to determine the just compensation owed for the taking.

Summary judgment may be rendered where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. (Rule 56(c), Federal Rules of Civil Procedure.)

Both the Isgar Defendants and Wheeler Defendants seek a determination by the Court of the boundary dispute. While recognizing the potential of a Rule 56 motion to facilitate the just, speedy and inexpensive determination of an action, summary judgment is only appropriate if there are no genuine issues as to any material fact. (<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986), at 323-324).

After review of the Motion for Summary Judgment filed by the Isgar Defendants, the Answer of the Wheeler Defendants and the Reply of the Isgar Defendants, it appears that there are genuine issues of material fact which make summary judgment inappropriate for resolving title to the disputed parcel. (Plaintiff United States, as set forth in Plaintiff's Response to Motion for Summary Judgment, takes no position with regard to the Isgars' Motion for Summary Judgment.)

## SUMMARY OF THE FACTS

The Isgar Defendants, in their summary judgment motion, have outlined the background of the dispute, which centers on whether a fence, built in the 1960's, is the boundary between the Isgar property and the Wheeler property. The Isgar Defendants assert that the fence is the boundary and that the disputed 9.15 acres of land are theirs. The Wheeler Defendants assert that the fence is not the boundary and that the disputed 9.15 acres are theirs.

In the 1960's Anne and Arthur Isgar acquired property in La Plata County. No survey of the property boundaries was done at the time of purchase. The Isgar property is located directly south of land formerly owned by the Wheelers (the adjacent north property or Wheeler property).

Shortly after the Isgars purchased the property, Ed Wheeler, an owner of the Wheeler property, hired a land surveyor to conduct a survey to determine the boundary between the Isgar property and the Wheeler property. After the survey, a fence was built. The fence extends from east to west and is located on the northern edge of the disputed parcel. The Isgar property and the disputed 9.15 acre parcel are south of the fence. The adjacent north property lies north of the fence. (See exhibit 1 attached to the Motion for Summary Judgment).

The Isgar Defendants assert that the fence is the boundary line between the properties. (See affidavit of Arthur Isgar, exhibit 2 attached to the Motion for Summary Judgment).

The Wheeler Defendants assert that the fence was not built along the boundary line and in fact lies to the north of the surveyed boundary. (See affidavits of Jerry Wheeler, grandson of Ed Wheeler, attached as exhibit 1 to the Wheeler's Answer, of Phil Wheeler, grandson of Ed Wheeler, attached as exhibit 3 to the Wheeler's Answer, and of Miles Wheeler, grandson of Ed Wheeler, attached as exhibit 2 to the Wheeler's Answer).

The Isgar Defendants allege that they built the fence jointly with the Wheelers. (See affidavit of Arthur Isgar).

The Wheeler Defendants dispute this, alleging that the fence was constructed solely at the expense of the Wheeler family and with labor provided by the Wheeler family. (See affidavits of Jerry Wheeler, Phil Wheeler and Miles Wheeler).

In 1976 the Isgar Defendants and the Wheeler Defendants sold certain of their properties (not including the 9.15 acres in dispute) for construction of an airport known as the Animas Air Park. To accurately determine the acreage of the parcels being sold, a survey was conducted by Donald R. Smith Engineering and Surveying. The Smith survey identified the fence constructed in the 1960's as the boundary line between the Isgar property and the adjacent north property (the Wheeler property). The fence, for the purposes of the sale, was recognized as the boundary between the properties.

The United States Department of Interior in 1982 completed a "Dependent Survey and Resurvey" of the Southern Ute Indian Reservation. The Reservation is located in the vicinity of the Isgar property and the adjacent north property (the

Wheeler property). The 1982 survey did not rely on the fence as the boundary between the Isgar and the Wheeler properties.

In 1992 the Bureau of Reclamation conducted a survey of the "Isgar Barrow" area, and used the Smith survey to establish the boundary line between the Isgar property and the adjacent north property.

In 1998 Ralph Wheeler and Adeltha Collyer sold a portion of their property (the adjacent north property) to Mobile Premix. For the purposes of that sale, the fence was shown as the southern boundary for the adjacent north property.

## ANALYSIS

The Isgar Defendants assert that the uncontroverted material facts support a finding, as a matter of law, that the fence has been established as the boundary line between the Isgar property and the adjacent north property. Alternatively, the Isgar Defendants argue that if they are not the original owners of the disputed parcel, they would nevertheless be owners through adverse possession.

The Wheeler Defendants argue that almost every material fact is in dispute. The Wheeler Defendants, in their Answer to the Summary Judgment Motion, argue that summary judgment is inappropriate and that the Court must conduct an evidentiary hearing to resolve the factual issues necessary to determine ownership of the disputed parcel.

The Wheeler Defendants have offered the affidavits of Jerry Wheeler, Miles Wheeler, Phil Wheeler and William Morris to support their contention that the fence

constructed in the 1960's was not the boundary between the Isgar property and the adjacent north property with regard to the disputed 9.15 acre parcel.

The Isgar Defendants do not rely on depositions, answers to interrogatories, or admissions in the file as contemplated by Rule 56(c). The undisputed facts, as set forth in the statement of undisputed material facts at section III of the Isgar Defendants' Motion for Summary Judgment, are drawn from affidavits (exhibits 2, 3, 6, 17, 18), surveys (exhibits 5, 12, 14, 16), deeds (exhibits 7, 8, 10, 11, 15), contracts of sale (exhibit 4), and field notes (exhibit 13). These facts, however, simply do not resolve the issue of whether the fence is the boundary line between the Wheeler and Isgar properties and which Defendants have title to the disputed 9.15 acre parcel of land, nor whether the Isgar Defendants have taken the disputed 9.15 acre parcel in adverse possession.

## PROPOSED FINDINGS

Despite the apparent agreement of both the Wheeler and the Isgar Defendants to resolve this issue by summary judgment, the core issue is a boundary dispute which can only be resolved by evidentiary hearing, where among other issues, credibility of the witnesses can be determined. The Wheeler Defendants dispute facts which the Isgar Defendants assert are uncontested. Those facts that are material and uncontested are insufficient to permit a finding, as a matter of law, of which Defendants own the 9.15 acres in dispute.

## RECOMMENDATION

For these reasons, it is recommended that the Motion for Summary Judgment be DENIED.

Within ten (10) days after being served with a copy of the Proposed Findings and Recommendation, a party may serve and file written objections to the Proposed Findings and Recommendation with the Clerk of the United States District Court for the District of Colorado.  The District Court Judge shall make a *de novo* determination of those portions of the proposed findings or specified recommendation to which objection is made.  The District Court Judge may accept, reject, or modify, in whole or in part, the Proposed Findings and Recommendations made by the Magistrate Judge.  The Judge may also receive further evidence or recommit the matter to the Magistrate Judge with instructions.

Failure to make timely objections to the Magistrate Judge's recommendation may result in a waiver of the right to appeal from a judgment of the District Court based on the findings and recommendations of the Magistrate Judge.

Dated this 8th day of November, 2005.

BY THE COURT:

/s/ Gudrun Rice
_____
Gudrun Rice
United States Magistrate Judge