IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 03-cv-01095-JLK-GJR

UNITED STATES OF AMERICA,

        Plaintiff,

v.

61.10 ACRES OF LAND, MORE OR LESS,
        LOCATED IN LA PLATA COUNTY, STATE OF COLORADO; AND
SHIRLEY ISGAR;
CHARLES ISGAR;
STATE OF COLORADO;
WHEELER ONE TRUST;
COLLYER FAMILY TRUST;
LA PLATA COUNTY TREASURER;
CHEVRON U.S.A. INC.;
SOUTHERN UTE INDIAN TRIBE;
LA PLATA ELECTRIC ASSOCIATION, INC.;
ATMOS ENERGY CORPORATION;
QWEST CORPORATION; and
UNKNOWN OWNERS, if any,

        Defendants.

---

## ORDER

---

THIS MATTER comes before the Court on the Joint Motion by Plaintiff United
States and Defendant Shirley Isgar and Defendant Charles Isgar for an Order
Approving the Stipulated Settlement Agreement by and Between Plaintiff United
States of America and Defendant Shirley Isgar and Defendant Charles Isgar
[filed October 2, 2008, Docket No. 187], and the Court finds as follows:

    This is a civil condemnation action filed by Plaintiff United States of
America, pursuant to 40 U.S.C. § 3114 (formerly 40 U.S.C. § 258a). (Docket Nos. 1,
64, and 147.) The United States condemned certain property under the power of

1

eminent domain for the public use and sought the ascertainment and award of just compensation to the owners and parties in interest for the property condemned. (Docket Nos. 1, 64, and 147.)

This Court has jurisdiction pursuant to 28 U.S.C. § 1345 and 40 U.S.C. § 3114. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1403, because the condemned property is located in this judicial district.

The property condemned in this civil action is required for the construction and operation of Ridges Basin Dam and Reservoir (Lake Nighthorse) which is an integral component of the larger federal project located in southwest Colorado and northwest New Mexico known as the Animas-La Plata Project. (Docket Nos. 1, 64, and 147.) The Animas-La Plata Project is a federal project located in southwest Colorado and northwest New Mexico. (Docket Nos. 1, 64, and 147.) The Animas-La Plata Project fulfills the federal government's trust responsibilities to address the Colorado Ute Indians' water rights; respects existing water rights of non-Indians in the San Juan River Basin; furnishes, via a pipeline, the Navajo Nation with water in the Shiprock, New Mexico, area; allows for municipal and industrial water for non-Indian communities in the Four Corners area; and provides increased certainty for water managers in the San Juan River Basin. See Colorado River Basin Project Act, Title V, September 30, 1968 (82 Stat. 896); Colorado-Ute Indian Water Rights Settlement Act of 1988 (102 Stat. 2973); Public Law 106-554, Colorado Ute Settlement Act Amendments of 2000, dated December 21, 2000.

On June 16, 2003, in furtherance of the Animas-La Plata Project, Plaintiff United States filed a Complaint in Condemnation (Docket No. 1) and a Declaration

of Taking (Docket No. 3) in this civil action ("Isgar Condemnation") in reference to certain property located in La Plata County, Colorado ("Property"). The authority for the taking of the Property is set forth in Schedule A attached to the Declaration of Taking. (Docket No. 3.) The public uses for which the Property is taken are set forth in Schedule A attached to the Declaration of Taking. (Docket No. 3.) The Property consisted of 117.15 acres, more or less, in a fee simple estate of 24.22 acres, temporary easements of 70.84 acres, and a perpetual easement of 22.09 acres, *i.e.*, Parcel RBR-5A(Fee),[1] Parcel RBR-5B(T),[2] Parcel RBR-5C(T), and Parcel RBR-5(P).[3] (Docket No. 3.)

On June 16, 2003, Plaintiff United States deposited the sum of One Hundred Sixty-Seven Thousand Four Hundred Dollars ($167,400) into the Registry of the Court as the amount of estimated just compensation for the Property ("Estimated Just Compensation"). (Docket No. 5.)

Defendant Shirley Isgar and Defendant Charles Isgar ("Isgar Defendants") represent, warrant, and stipulate that they were the rightful owners of the fee interest in the Property at the time of the filing of the Declaration of Taking in the Isgar Condemnation. (Docket No. 28.)

On July 18, 2003, the United States filed a condemnation action captioned United States v. 118.89 Acres of Land, more or less, et al., Civil Action No. 03-cv -01298-JLK-GJR, United States District Court for the District of Colorado ("Wheeler Condemnation"). (Wheeler Condemnation, Docket No. 1.) Parcel RBR-4D(Fee),

---

[1] The designation "(Fee)" indicates that the parcel was taken in fee simple.
[2] The designation "(T)" indicates that a temporary easement was taken.
[3] The designation "(P)" indicates that a perpetual easement was taken.

consisting of 9.15 acres, was one of the parcels condemned in the <u>Wheeler</u> Condemnation. (<u>Wheeler</u> Condemnation, Docket No. 1.)

On March 3, 2004, in the <u>Wheeler</u> Condemnation, the United States filed a Stipulated Dismissal in Reference to Parcel RBR-4D(Fee), Parcel RBR-4E(Fee), and Parcel RBR-4F(T) ("Stipulated Dismissal"). (<u>Wheeler</u> Condemnation, Docket No. 18.) On March 3, 2004, pursuant to the Stipulated Dismissal, the United States filed an Amended Complaint in Condemnation and an Amended Declaration of Taking in the <u>Wheeler</u> Condemnation. (<u>Wheeler</u> Condemnation, Docket No. 16.) One of the purposes of filing the Amended Complaint in Condemnation and the Amended Declaration of Taking in the <u>Wheeler</u> Condemnation was to remove Parcel RBR-4D(Fee) from the <u>Wheeler</u> Condemnation in order that Parcel RBR-4D(Fee) could be added to the <u>Isgar</u> Condemnation as Parcel RBR-5D(Fee). (<u>Wheeler</u> Condemnation, Docket No. 18.) Parcel RBR-4D(Fee) and Parcel RBR-5D(Fee) refer to the same parcel of land.

Pursuant to the Stipulated Dismissal, the estimated just compensation in the <u>Wheeler</u> Condemnation was reduced by Twenty Thousand Dollars ($20,000). (<u>Wheeler</u> Condemnation, Docket No. 18.) Pursuant to the Stipulated Dismissal, the parties agreed that the United States' estimated just compensation for Parcel RBR-4(D) is Twenty Thousand Dollars ($20,000).

On February 11, 2005, Plaintiff United States, with the consent of the Isgar Defendants, among others, filed a Stipulated Consent To File Amended Complaint In Condemnation ("Stipulated Consent") in the <u>Isgar</u> Condemnation.

The Stipulated Consent provides, among other things, that:

A.  52.20 acres of the Property condemned as temporary easements were dismissed ("52.20 Acres");

B.  The 52.20 Acres consisted of 5.63 acres of Parcel RBR-5CX(T) and 46.57 acres of Parcel RBR-5BX(T);

C.  The 52.20 Acres were encumbered by the United States from June 16, 2003, to February 11, 2005;

D.  Parcel RBR-4D(Fee) was dismissed from the Wheeler Condemnation and condemned in the Isgar Condemnation; and

E.  Parcel RBR-4D(Fee) in the Wheeler Condemnation was re-designated as Parcel RBR-5D(Fee) in the Isgar Condemnation.

On February 11, 2005, Plaintiff United States, with the consent of the Isgar Defendants, among others, filed an Amended Complaint in Condemnation and an Amended Declaration of Taking in the Isgar Condemnation in reference to certain real property located in La Plata County, Colorado, as more particularly described in the Amended Schedule B and delineated in the maps in the Amended Schedule C attached to the Amended Declaration of Taking ("Amended Property"). (Docket No. 64.) The Amended Property consisted of 74.33 acres, more or less, in fee simple estates, and a perpetual easement and a temporary easement in, to, over, and across portions of the Amended Property. (Docket No 64.) The Amended Property consisted of the following parcels:

A. Parcel RBR-5A(Fee)   –   24.45 acres;

B. Parcel RBR-5B(T)   –   18.64 acres;

C. Parcel RBR-5D(Fee)   –   9.15 acres; and

D. Parcel RBR-5(P)   –   22.09 acres.

(Docket No. 64.)

On or about May 18, 2005, pursuant to court order, the Clerk of the Court disbursed to the Isgar Defendants from the Registry of the Court the sum of One Hundred Twenty-Five Thousand Five Hundred Forty-Two Dollars and Thirty-One Cents ($125,542.31), plus any interest that had accrued on that sum from the date of deposit to the date of disbursement less Registry Fees pursuant to D.C.COLO.LCivR 67.2C. (Docket No. 82.) On or about May 18, 2005, pursuant to court order, the Clerk of the Court disbursed to Defendant La Plata County Treasurer the sum of Seven Dollars and Sixty-Nine Cents ($7.69), Registry Fees pursuant to D.C.COLO.LCivR 67.2C. (Docket No. 82.)

There was a dispute between the Isgar Defendants and Defendant Wheeler One Trust and Defendant Collyer Family Trust ("Wheeler Defendants") concerning the ownership of Parcel RBR-5D(Fee) in the Isgar Condemnation ("Disputed Parcel").[4] The issue of who were the rightful owners of the Disputed Parcel was tried before the Magistrate Judge on July 12 and July 13, 2006. (Docket No. 123.) On September 20, 2006, the Magistrate Judge's Recommended Findings of Fact and Conclusions of Law were filed in reference to the issue of who were the rightful owners of the Disputed Parcel. (Docket No. 137.) The Magistrate Judge's

---

[4] Parcel RBR-5D(Fee) in the Isgar Condemnation was Parcel RBR-4D(Fee) in the Wheeler Condemnation.

Recommended Findings of Fact and Conclusions of Law recommended the entry of an order finding that the Isgar Defendants were the rightful owners of the Disputed Parcel. (Docket No. 137.) On January 9, 2007, the Court entered an order adopting the Magistrate Judge's Recommended Findings of Fact and Conclusions of Law and ordered that the Isgar Defendants were the rightful owners of the Disputed Parcel. (Docket No. 143.)

Isgar Defendants represent, warrant, and stipulate that they were the rightful owners of the fee interest in the Amended Property at the time of the filing of the Amended Declaration of Taking in the Isgar Condemnation.

On February 16, 2007, in the Wheeler Condemnation, the United States and the Wheeler Defendants filed the Stipulated Settlement Agreement By And Between Plaintiff United States And Defendant Wheeler One Trust And Defendant Collyer Family Trust And Defendant La Plata County Treasurer ("Wheeler Stipulated Settlement"). (Wheeler Condemnation, Docket No. 116.) The Wheeler Stipulated Settlement provides that, pursuant to the Bureau of Reclamation's relocation authority, Section 14 of the Reclamation Project Act of 1939 (43 U.S.C. § 389), the Bureau of Reclamation:

> A. Shall relocate a certain easement defined as the Existing Northern Easement in the Wheeler Stipulated Settlement;
>
> B. Shall file a Second Amended Declaration of Taking in the

Isgar Condemnation and, among other things, shall condemn a road corridor on, over, and through certain property owned by the Isgar Defendants.

C. Shall relocate the Existing Northern Easement to the road corridor condemned from the Isgar Defendants and define it as the "Relocated Easement" in the Wheeler Stipulated Settlement; and

D. Grant the Wheeler Defendants a non-exclusive easement for residential, agricultural, and utility uses on, over, and through the road corridor condemned from the Isgar Defendants.

(Wheeler Condemnation, Docket No. 116.)

On March 22, 2007, Plaintiff United States, with the consent of the Isgar Defendants, filed a Second Amended Complaint in Condemnation and a Second Amended Declaration of Taking in the Isgar Condemnation in reference to certain real property located in La Plata County, Colorado, as more particularly described in the Second Amended Schedule B and delineated in the map in the Second Amended Schedule C attached to the Second Amended Declaration of Taking ("Second Amended Property"). (Docket Nos. 147 and 148.)

The Isgar Defendants represent, warrant, and stipulate that they were the rightful owners of the fee interest in the Second Amended Property at the time of the filing of the Second Amended Declaration of Taking. (Docket No. 151.)

Plaintiff United States did not deposit additional monies into the Registry of the Court in reference to the estimated just compensation for the Second Amended Property.

On March 22, 2007, the Second Amended Property consisted of 60.52 acres, more or less, in fee simple estates, and a temporary easement in, to, over, and across portions of the Second Amended Property. (Docket No. 147.) The Second Amended Property consisted of the following parcels:

    A.  Parcel RBR-5A(Fee)  &ndash;  24.45 acres;

    B.  Parcel RBR-5B(T)  &ndash;  18.64 acres;

    C.  Parcel RBR-5D(Fee)  &ndash;  9.15 acres; and

    D.  Parcel RBR-5E(Fee)  &ndash;  8.28 acres.

(Docket No. 147.)

Parcel RBR-5E(Fee) is a corridor of land that is located between La Plata County County Road 213 on the east and certain real property on the west recently acquired by the Bureau of Reclamation by way of the Wheeler Condemnation. (Docket No. 147.) There is currently an existing gravel road that traverses Parcel RBR-5E(Fee) In a westerly direction from La Plata County Road 213 to certain real property recently acquired by the Bureau of Reclamation by way of the Wheeler Condemnation ("Isgar Road").

After the Second Amended Complaint in Condemnation and the Second Amended Declaration of Taking were filed in the Isgar Condemnation, the Bureau of Reclamation determined that, while the Second Amended Schedule C accurately depicted Parcel RBR-5E(Fee), the survey and the legal description of Parcel RBR-5E(Fee) contained in the Second Amended Schedule B and the resulting acreage computation were in error. The survey and the legal description of Parcel RBR-5E(Fee) did not accurately reflect the parcel that the United States acquired in the Second

Amended Declaration of Taking and that the United States condemned by way of the Second Amended Declaration of Taking filed in the Isgar Condemnation on March 22, 2007. After the discovery, the Bureau of Reclamation re-surveyed Parcel RBR-5E(Fee) and prepared a corrected legal description. The re-survey and the corrected legal description of Parcel RBR-5E(Fee) accurately describes the property Plaintiff United States condemned in reference to Parcel RBR-5E(Fee). The re-survey and the corrected legal description of Parcel RBR-5E(Fee) increases the acreage of Parcel RBR-5E(Fee) from 8.28 acres to 8.86 acres. The re-survey and the corrected legal description of Parcel RBR-5E(Fee) increases the total acreage condemned in the Isgar Condemnation from 60.52 acres to 61.10 acres.

On January 9, 2008, pursuant to an unopposed motion, the Court transferred Twenty Thousand Dollars ($20,000) plus applicable interest on the Twenty Thousand Dollars, less Registry Fees pursuant to D.C.COLO.LCivR 67.2C, from Wheeler Condemnation to the Registry of the Court account currently open in this civil action. (Wheeler Condemnation, Docket No. 140.)

On October 2, 2008, Plaintiff United States and the Isgar Defendants filed the Stipulated Settlement Agreement By And Between Plaintiff United States Of America and Defendant Shirley Isgar and Defendant Charles Isgar ("Stipulated Settlement Agreement"). (Docket No. 187.)

The Stipulated Settlement Agreement constitutes a complete and final settlement of all claims for just compensation by, between, and among Plaintiff United States and the Isgar Defendants, jointly and severally, arising from and in connection with the condemnation of the Property, the Amended Property, the Second Amended

Property, and the filing and the settlement of the Isgar Condemnation. The Stipulated Settlement Agreement also constitutes a complete and final settlement of any and all claims, counterclaims, and/or demands of whatever nature that the Isgar Defendants, jointly and severally, have, had or may have against Plaintiff United States, the Bureau of Reclamation, the United States Department of the Interior, and/or their agents and/or employees, arising from or in connection with the Property, the Amended Property, the Second Amended Property, and the filing of the Isgar Condemnation.

ACCORDINGLY, for good and sufficient cause having been shown it is hereby:

ORDERED that the Joint Motion by Plaintiff United States and Defendant Shirley Isgar and Defendant Charles Isgar for an Order Approving the Stipulated Settlement Agreement by and between Plaintiff United States of America and Defendant Shirley Isgar and Defendant Charles Isgar [filed October 2, 2008, Docket No. 187] is granted; and it is further

ORDERED that when used in this Order the term "Defendant Shirley Isgar and Defendant Charles Isgar" means Defendant Shirley Isgar and Defendant Charles Isgar, their heirs, successors and assigns; and it is further

ORDERED that the property consisting of 117.15 acres, more or less, in a fee simple estate of 24.22 acres, temporary easements of 70.84 acres, and a perpetual easement of 22.09 acres, i.e., Parcel RBR-5A(Fee), Parcel RBR-5B(T), Parcel RBR-5C(T), and Parcel RBR-5(P) ("Property") condemned in the Declaration of Taking filed in this civil action are for the public use as authorized by law; and it is further

ORDERED that Defendant Shirley Isgar and Defendant Charles Isgar were the rightful owners of the fee interest in the Property at the time of the filing of the

Declaration of Taking in this civil action; and it is further

ORDERED that the property consisted of 74.33 acres, more or less, in fee simple estates of 33.60 acres, and a perpetual easement of 22.09 acres and a temporary easement of 18.64 acres, *i.e.*, Parcel RBR-5A(Fee); Parcel RBR-5D(Fee); Parcel RBR-5(P); and Parcel RBR-5B(T) ("Amended Property") condemned in the Amended Declaration of Taking filed in this civil action are for the public use as authorized by law; and it is further

ORDERED that Defendant Shirley Isgar and Defendant Charles Isgar were the rightful owners of the fee interest in the Amended Property at the time of the filing of the Amended Declaration of Taking in this civil action; and it is further

ORDERED that the Second Amended Property consists of 61.10 acres, more or less, in fee simple estates of 42.46, and a temporary easement of 18.64 acres, *i.e.* Parcel RBR-5A(Fee); Parcel RBR-5D(Fee); Parcel RBR-5E(Fee); and Parcel RBR-5B(T) condemned in the Second Amended Declaration of Taking filed in this civil action are for the public use as authorized by law; and it is further

ORDERED that Defendant Shirley Isgar and Defendant Charles Isgar were the rightful owners of the fee interest in the Second Amended Property at the time of the filing of the Second Amended Declaration of Taking in this civil action; and it is further

ORDERED that the Stipulated Settlement Agreement by and Between Plaintiff United States of America and Defendant Shirley Isgar and Defendant Charles Isgar is approved and adopted by the Court and shall hereafter be and is an Order of

the Court; and it is further

ORDERED that, pursuant to the Stipulated Settlement Agreement by and Between Plaintiff United States of America and Defendant Shirley Isgar and Defendant Charles Isgar, the just compensation for the Second Amended Property shall be and is:

1. One Hundred Forty-Two Thousand Four Hundred Dollars ($142,400); and

2. The other good and valuable consideration set forth in the Stipulated Settlement Agreement by and Between Plaintiff United States of America and Defendant Shirley Isgar and Defendant Charles Isgar; and it is further

ORDERED that the total estimated just compensation deposited into the Registry of the Court in reference to the Second Amended Property is One Hundred Eighty-Seven Thousand Four Hundred Dollars ($187,400). Pursuant to Court Order, the Clerk of the Court disbursed One Hundred Twenty-Five Thousand Five Hundred Fifty Dollars ($125,550). Currently there is Sixty-One Thousand Eight Hundred Fifty Dollars ($61,850) plus the interest that has accrued on the Sixty-One Thousand Eight Hundred Fifty Dollars ($61,850) in the Registry of the Court ("Current Balance in the Registry of Court"); and it is further

ORDERED that the Clerk of the Court shall distribute the Current Balance in the Registry of the Court as follows:

1. The Isgar Defendants shall be paid the sum of Sixteen Thousand

Eight Hundred Fifty Dollars ($16,850) plus any and all interest that has accrued on the Sixteen Thousand Eight Hundred Fifty Dollars ($16,850), less Registry Fees pursuant to D.C.COL.LCiv.R 67.2C associated with the Sixteen Thousand Eight Hundred Fifty Dollars ($16,850); and

2. The Bureau of Reclamation shall be paid the sum of Forty-Five Thousand Dollars ($45,000) plus any and all interest that has accrued on the Forty-Five Thousand Dollars ($45,000), less Registry Fees pursuant to D.C.COL.LCiv.R 67.2C associated with the Forty-Five Thousand Dollars ($45,000); and it is further

ORDERED that the Parcel RBR-5(P) 22.09 acre perpetual easement is hereby revested to the Isgar Defendants. A legal description of Parcel RBR-5(P) is attached hereto and made a part hereof as Attachment 1; and it is further

ORDERED that the eastern most 7.08 acres, more or less, of Parcel RBR 5D(Fee) ("Revested Parcel") is hereby revested to the Isgar Defendants. The Revested Parcel is identified as Parcel RBR-5D2X on Drawing No. 69-406-2108 attached hereto and made a part hereof as Attachment 2. A legal description of the Revested Parcel is attached hereto and made a part hereof as Attachment 3; and it is further

ORDERED that the Revested Parcel is hereby revested to the Isgar Defendants subject to the terms and conditions of the Stipulated Settlement Agreement by and Between Plaintiff United States of America and Defendant Shirley Isgar and

Defendant Charles Isgar; and it is further

ORDERED that the Parcel RBR-5B(T) 18.64 acre temporary easement is hereby Released and the Plaintiff United States has not further interest therein subject to the terms and conditions of the Stipulated Settlement Agreement by and Between Plaintiff United States of America and Defendant Shirley Isgar and Defendant Charles Isgar; and it is further

ORDERED that the Isgar Defendants shall pay to Defendant La Plata County Treasurer, and/or to any other taxing authority and/or taxing entity, any and all outstanding taxes due and owing on Parcel RBR-5A(Fee), Parcel RBR-5D(Fee), and/or Parcel RBR-5E(Fee) prior to the condemnation of each said parcel; and it is further

ORDERED that each party shall bear its own attorneys' fees, costs and expenses.

Dated this 7 day October, 2008.

BY THE COURT

John L. Kane

JOHN L. KANE
United States District Senior Judge

15

APPROVED AS TO FORM:

TROY A. EID
United States Attorney

LOWE, FELL & SKOGG LLC

s/ Stephen D. Taylor
STEPHEN D. TAYLOR
Assistant U.S. Attorney
1225 Seventeenth Street
Suite 700
Denver, CO 80202
Telephone: (303) 454-0100
Fax: (303)454-0408
E-mail: stephen.taylor@usdoj.gov

s/ Kenneth K. Skogg
KENNETH K. SKOGG, ESQ.
370 Seventeenth Street
Suite 4900
Denver, CO 80202
Telephone: (720) 359-8200
Fax: (720) 359-8201
E-mail: kskogg@lfslaw.com

ATTORNEY FOR PLAINTIFF

ATTORNEY FOR DEFENDANTS
SHIRLEY ISGAR AND
CHARLES ISGAR

ATTACHMENT 1

LEGAL DESCRIPTION
OF PARCEL RBR-5(P)

A parcel of land in La Plata County, State of Colorado, New Mexico Principal Meridian, South of the Ute Line, and being more particularly described as follows:

That part of the Southwest Quarter (SW ¼) of Section 7U and that part of the Northwest Quarter (NW ¼) of Section Eighteen (18), Township Thirty-four (34) North, Range Nine (9) West, South of the Ute Line, and that part of the Southeast Quarter (SE ¼) of Section 12U, and that part of the Northeast Quarter (NE ¼) of Section Thirteen (13), Township Thirty-four (34) North, Range Ten (10) West, more particularly described as follows:

Commencing at the Quarter Corner between said Sections Thirteen (13) and Eighteen (18); thence North 69°44'00" East, a distance of Four Hundred Three and Seventy-one Hundredths (403.71) feet to the POINT OF BEGINNING; thence North 37°10'15" West, a distance of Six and Fifteen Hundredths (6.15) feet; thence North 71°42'35" West, a distance of Four Hundred Twenty and Fifty-seven Hundredths (420.57) feet; thence North 11°40'08" East, a distance of Five Hundred Seventy-four and Twenty-eight Hundredths (574.28) feet; thence North 20°41'42" West, a distance of Four Hundred Twenty-nine and Ninety-one Hundredths (429.91) feet; thence North 00°39'32" West, a distance of Six Hundred and Twenty Hundredths (600.20) feet; thence North 49°03'09" East, a distance of Two Hundred Ninety-seven and Forty-four Hundredths (297.44) feet; thence North 04°58'17" East, a distance of Five Hundred Twenty-three and Fifty-eight Hundredths (523.58) feet; thence North 76°14'00" East, a distance of Five Hundred Fourteen and Twenty-nine Hundredths (514.29) feet; thence North 20°54'13" East, a distance of Three Hundred Eleven and Fifty-seven Hundredths (311.57) feet; thence North 77°10'24" East, a distance of Sixty-one and Seventy-nine Hundredths (61.79) feet; thence North 20°32'49" East, a distance of Eight Hundred Eighty and Four Hundredths (880.04) feet; thence North 89°48'28" East, a distance of One Hundred Fifty-nine and Ninety-four Hundredths (159.94) feet; thence South 20°31'12" West, a distance of Nine Hundred Thirty-six and Sixty-nine Hundredths (936.69) feet to the point of curve of a non tangent curve to the left, of which the radius point lies North 68°57'02" East, a radial distance of One Hundred Eighteen and Seventy-six Hundredths (118.76) feet; thence southeasterly along the arc, through a central angle of 17°09'09", a distance of Thirty-five and Fifty-five Hundredths (35.55) feet; thence South 38°12'31" East, a distance of Twenty-four and seventy-seven Hundredths (24.77) feet; thence South 20°54'13" West, a distance of Four Hundred Forty-two and Sixty-three Hundredths (442.63) feet thence South 76°14'00" West, a distance of Four Hundred Sixty-six and Sixteen Hundredths (466.16) feet; thence South 04°58'17" West, a distance of Four Hundred Forty-five and Sixty-one Hundredths (445.61) feet; thence South 49°03'09" West, a distance of Two Hundred Eighty-two and Eighty-four Hundredths (282.84) feet; thence South 00°39'32" East, a distance of Four Hundred Forty and Twenty-three Hundredths (440.23) feet; thence South 20°41'42" East, a distance of Four Hundred Fifty-eight and Twenty-nine Hundredths (458.29) feet; thence South 11°40'08" West, a distance of Six

Hundred Twenty-five and Fifty-two Hundredths (625.52) feet; thence South 71°42'35" East, a distance of One Hundred Fifty-four and Sixty-nine Hundredths (154.69) feet; thence North 81°27'25" East, a distance of One Hundred Two and Eighty-eight Hundredths (102.88) feet; thence South 51°28'02" West, a distance of One Hundred Ten and Twenty-six Hundredths (110.26) feet; thence South 58°17'40" West, a distance of Nine and Ninety-six Hundredths (9.96) feet to the POINT OF BEGINNING.

Parcel No. RBR-5(P) contains a total of Twenty-two and Nine Hundredths (22.09) acres, more or less.

ATTACHMENT 2

DRAWING 69-406-2108
OF PARCEL RBR-5D2X
("REVESTED PARCEL")
AND
PERPETUAL EASEMENT
PARCEL RBR-5D3(P)
("REVESTED PARCEL EASEMENT")



EXHIBIT 2

ALWAYS THINK SAFETY

UNITED STATES
DEPARTMENT OF THE INTERIOR
ANIMAS-LA PLATA PROJECT - COLORADO - NEW MEXICO

RIDGES BASIN DAM
BORROW AREA B
ISGAR ACQUISITION SETTLEMENT

ATTACHMENT 3

LEGAL DESCRIPTION
OF PARCEL RBR-5D2X
("REVESTED PARCEL")
AND
LEGAL DESCRIPTION
OF PARCEL RBR-5D3(P)

Legal Description of Parcel RBR-5D2X, Fee Estate

A parcel of land situated in the Southwest quarter (SW ¼) of Section 7U, Township Thirty-four (34) North, Range Nine (9) West, New Mexico Principal Meridian, South of the Ute Line in La Plata County, Colorado, and that part of the Southeast quarter (SE ¼) of Section 12U, Township Thirty-four (34) North, Range Ten (10) West, New Mexico Principal Meridian, South of the Ute Line in La Plata County, Colorado, and more particularly described as follows:

Commencing at the Northwest Corner of said Section 7U; South 01°26'52" West, a distance of Two Thousand Five Hundred Thirty-eight and Thirty Hundredths (2,538.30) feet to the Quarter Corner common to said Sections 12U and 7U;

thence South 31°02'52" West, a distance of One Thousand Two Hundred Ninety-one and Seventy-eight Hundredths (1,291.78) feet to the POINT OF BEGINNING;

thence South 89°20'47" East, a distance of One Thousand Eight Hundred Thirty-four and Fifty-five Hundredths (1,834.55) feet;

thence South 89°18'34" East, a distance of One Hundred Twenty-six and Eleven Hundredths (126.11) feet;

thence South 89°01'09" East, a distance of One Hundred and Twenty-nine Hundredths (100.29) feet;

thence South 20°43'29" West, a distance of One Hundred Forty-eight and Fifty-five Hundredths (148.55) feet;

thence South 89°59'23" West, a distance of One Thousand Three Hundred Forty-one and Seventy-six Hundredths (1,341.76) feet;

thence North 88°57'37" West, a distance of Seven Hundred Seventeen and Fifty-seven Hundredths (717.57) feet;

thence North 18°44'01" East, a distance of One Hundred Fifty-eight and Seventy-two Hundredths (158.72) feet to the POINT OF BEGINNING.

Parcel No. RBR-5D2X contains a total of Seven and Eight Hundredths (7.08) acres, more or less.

<u>Legal Description of  Parcel No. RBR-5D3(P) "Revested Parcel Easement":</u>

That part of the Southwest quarter (SW ¼) of Section 7U, Township Thirty-four (34) North, Range Nine (9) West, New Mexico Principal Meridian, South of the Ute Line in La Plata County, Colorado, more particularly described as follows:

Commencing at the Northwest Corner of said Section 7U; South 01°26'52" West, a distance of Two Thousand Five Hundred Thirty- eight and Thirty Hundredths (2,538.30) feet to the Quarter Corner  common to said Sections 12U and 7U;

thence South 46°00'42" East, a distance of One Thousand Six Hundred Twenty-three and Sixty-five Hundredths (1,623.65) feet to the POINT OF BEGINNING;

thence South 89°20'39" East, a distance of One Hundred Twenty-six and Thirty-seven Hundredths (126.37) feet;

thence South 88°58'28" East, a distance of One Hundred and Three Hundredths (100.03) feet to the west right-of-way of Sky Lane Circle within Animas Air Park;

thence South 20°43'29" West, a distance of Sixty-three and Seventy-three Hundredths (63.73) feet along said right-of-way;

thence North 88°58'28" West, a distance of Seventy-eight and Fifty-five Hundredths (78.55) feet;

thence North 89°20'40" West, a distance of One Hundred Forty-five and Thirty-nine Hundredths (145.39) feet;

thence North 18°34'53" East, a distance of Sixty-three and Six Hundredths (63.06) feet to the POINT OF BEGINNING.

Parcel No. RBR-5D3(P) contains a total of Thirty-one Hundredths (0.31) acres, more or less.