IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 03-cv-01095-JLK-GJR

UNITED STATES OF AMERICA,

    Plaintiff,

v.

61.10 ACRES OF LAND, MORE OR LESS, LOCATED IN
    LA PLATA COUNTY, STATE OF COLORADO;
SHIRLEY ISGAR;
CHARLES ISGAR;
STATE OF COLORADO;
WHEELER ONE TRUST;
COLLYER FAMILY TRUST;
LA PLATA COUNTY TREASURER;
CHEVRON U.S.A. INC.;
SOUTHERN UTE INDIAN TRIBE;
LA PLATA ELECTRIC ASSOCIATION, INC.;
ATMOS ENERGY CORPORATION;
QWEST CORPORATION; and
UNKNOWN OWNERS, if any,
    Defendants.

## DEFAULT JUDGMENT

This matter comes before the Court on Motion for Default Judgment by Plaintiff United States of America [Docket No. 201, filed October 26, 2012], and for good cause having been shown, the Court finds as follow:

This eminent domain action was commenced to acquire certain property in fee simple estate and a certain temporary easement. The property condemned in this civil action is required for the construction and operation of Ridges Basin Dam and Reservoir (Lake Nighthorse), which is an integral component of the larger federal project located in southwest Colorado and northwest New Mexico known as the

Animas-La Plata Project. [Docket Nos. 147 and 148.] The Animas-La Plata Project fulfills the federal government's trust responsibilities to address the Colorado Ute Indians' water rights; respects existing water rights of non-Indians in the San Juan River Basin; furnishes, via a pipeline, the Navajo Nation with water in the Shiprock, New Mexico, area; allows for municipal and industrial water for non-Indian communities in the Four Corners area; and provides increased certainty for water managers in the San Juan River Basin. See Colorado River Basin Project Act, Title V, September 30, 1968 (82 Stat. 896); Colorado-Ute Indian Water Rights Settlement Act of 1988 (102 Stat. 2973); Public Law 106-554, Colorado Ute Settlement Act Amendments of 2000, dated December 21, 2000.

On June 16, 2003, in furtherance of the Animas-La Plata Project, Plaintiff United States filed a Complaint in Condemnation [Docket No. 1] and a Declaration of Taking [Docket No. 3] in this civil action ("Isgar Condemnation") in reference to certain property located in La Plata County, Colorado ("Isgar Property").

The authority for the taking of the Isgar Property is set forth in Schedule A attached to the Declaration of Taking. [Docket No. 3.] The public uses for which the Isgar Property is taken are set forth in Schedule A attached to the Declaration of Taking. [Docket No. 3.]

On March 22, 2007, in furtherance of the Animas-La Plata Project, Plaintiff United States filed a Second Amended Complaint in Condemnation ("Isgar Second Amended Complaint") and a Second Amended Declaration of Taking ("Isgar Second Amended Declaration of Taking") in reference to certain property located in La Plata County, Colorado ("Isgar Second Amended Property"). [Docket Nos. 147 and 148.]

The authority for the taking of the Isgar Second Amended Property is set forth in the Second Amended Schedule A attached to the Isgar Second Amended Declaration of Taking. [Docket No. 148.] The public uses for which the Second Amended Property is taken are set forth in Second Amended Schedule A attached to the Isgar Second Amended Declaration of Taking. [Docket No. 148.] The Isgar Second Amended Property[1] consists of 61.10 acres, more or less, in fee simple estates and a temporary easement in, to, over and across the Isgar Second Amended Property. [Docket Nos. 147 and 148.] The Isgar Second Amended Property consists of the following parcels:

      Parcel RBR-5A(Fee)[2] -- 24.45 acres;

      Parcel RBR-5B(T)[3] -- 18.64 acres:

      Parcel RBR-5D(Fee) -- 9.15 acres; and

      Parcel RBR-5E(Fee) -- 8.86 acres.

On March 22, 2007, Plaintiff United States filed a Second Amended Notice of Condemnation. [Docket No. 149.]

On April 12, 2007, Defendant Shirley Isgar and Defendant Charles Isgar represented, warranted, and stipulated that they were the rightful owners of the fee simple estates in the Isgar Second Amended Property at the time of the filing of the Isgar Second Amended Declaration of Taking. [Docket No. 151.]

---

[1] After the Isgar Second Amended Declaration of Taking was filed, a small surveying error and a small legal description error were discovered in Parcel RBR-5E(Fee). By Order dated October 3, 2008, the survey and legal description of Parcel RBR-5E(Fee) were corrected. [Docket No. 190.]

[2] The designation "(Fee)" indicates that the parcel was taken in fee simple.

[3] The designation "(T)" indicates that a temporary easement was taken.

On September 20, 2007, Plaintiff filed a Certificate of Proof of Service by Publication as to Defendants Unknown Owners. [Docket No. 171.] The Proof of Publication certifies the Second Amended Notice of Condemnation was published in the Durango Herald Newspaper, Durango, Colorado, each week for three consecutive weeks. (Docket No. 171-1.) The last date of publication of the Second Amended Notice of Condemnation in the Durango Herald Newspaper was August 28, 2007. [Docket No. 171-1] More than twenty (20) days have elapsed since the date on which the Unknown Owners were served by publication. No Unknown Owner has filed a notice of appearance, an answer, or otherwise defended this eminent domain action.

On October 19, 2012, Plaintiff United States, pursuant to Fed. R. Civ. P, 55(a), filed a Request for Entry of Default as to Defendants Unknown Owners. [Docket No. 198.] On October 26, 2012, the Clerk of the Court entered default as to Defendants Unknown Owners. [Docket No. 200.]

ACCORDINGLY, it is hereby

ORDERED that Default Judgment is entered as to Defendants Unknown Owners.

DATED at Denver, Colorado this __30th__ day of October, 2012.

FOR THE COURT:

JEFFREY P. COLWELL, CLERK

By: s/ Edward P. Butler
Edward P. Butler,
Deputy Clerk