IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 03-cv-01095-JLK-GJR

UNITED STATES OF AMERICA,

     Plaintiff,

v.

61.10 ACRES OF LAND, MORE OR LESS, LOCATED IN
     LA PLATA COUNTY, STATE OF COLORADO;
SHIRLEY ISGAR;
CHARLES ISGAR;
STATE OF COLORADO;
WHEELER ONE TRUST;
COLLYER FAMILY TRUST;
LA PLATA COUNTY TREASURER;
CHEVRON U.S.A. INC.;
SOUTHERN UTE INDIAN TRIBE;
LA PLATA ELECTRIC ASSOCIATION, INC.;
ATMOS ENERGY CORPORATION;
QWEST CORPORATION; and
UNKNOWN OWNERS, if any,

     Defendants.

---

**FINAL ORDER
ENTERED *NUNC PRO TUNC*
AS OF AUGUST 31, 2009**

---

     This matter comes before the Court on the Motion for Final Order Entered *Nunc Pro Tunc* as of August 31, 2009, by Plaintiff United States of America [Docket No. 205, filed     , 2012], and the Court finds as follows:

     This is a civil condemnation action filed by Plaintiff United States of America, pursuant to 40 U.S.C. § 3114 (formerly 40 U.S.C. § 258a). [Docket Nos. 147 and 148.]

The United States condemned certain property under the power of eminent domain for the public use and sought the ascertainment and award of just compensation to the owners and parties in interest for the property condemned. [Docket Nos. 147 and 148.]

This Court has jurisdiction pursuant to 28 U.S.C. § 1345 and 40 U.S.C. § 3114. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1403, because the condemned property is located in this judicial district.

The property condemned in this civil action is required for the construction and operation of Ridges Basin Dam and Reservoir (Lake Nighthorse), which is an integral component of the larger federal project located in southwest Colorado and northwest New Mexico known as the Animas-La Plata Project. [Docket Nos. 147 and 148.] The Animas-La Plata Project fulfills the federal government's trust responsibilities to address the Colorado Ute Indians' water rights; respects existing water rights of non-Indians in the San Juan River Basin; furnishes, via a pipeline, the Navajo Nation with water in the Shiprock, New Mexico, area; allows for municipal and industrial water for non-Indian communities in the Four Corners area; and provides increased certainty for water managers in the San Juan River Basin. *See* Colorado River Basin Project Act, Title V, September 30, 1968 (82 Stat. 896); Colorado-Ute Indian Water Rights Settlement Act of 1988 (102 Stat. 2973); Public Law 106-554, Colorado Ute Settlement Act Amendments of 2000, dated December 21, 2000.

On June 16, 2003, in furtherance of the Animas-La Plata Project, Plaintiff United States filed a Complaint in Condemnation [Docket No. 1] and a Declaration of Taking [Docket No. 3] in this civil action ("Isgar Condemnation") in reference to certain

property located in La Plata County, Colorado ("Isgar Property").  The Isgar

Condemnation was one of several related condemnations filed in reference to the

Animas-La Plata Project.  One of the related condemnations is United States v. 116.06

Acres of Land,et al., Civil Action No. 03-cv-01298-JLK-GJR, United States District Court

for the District of Colorado ("Wheeler Condemnation").  The Wheeler Condemnation

involved real property adjacent to and contiguous to the Isgar Property.

     The authority for the taking of the Isgar Property is set forth in Schedule A

attached to the Declaration of Taking.  [Docket No. 3.]  The public uses for which the

Isgar Property is taken are set forth in Schedule A attached to the Declaration of Taking.

[Docket No. 3.]

     After the Isgar Condemnation was filed, lengthy and complex litigation

commenced that involved several amended complaints and several amended

declarations of takings.  The results of these amended pleadings were the dismissal of

certain temporary easements, the dismissal of certain perpetual easements, and the

dismissal of a fee taking of a certain parcel in the Wheeler Condemnation and the

re-condemnation in fee of that certain parcel in the Isgar Condemnation.

     On March 22, 2007, in furtherance of the Animas-La Plata Project, Plaintiff

United States filed a Second Amended Complaint in Condemnation ("Isgar Second

Amended Complaint") and a Second  Amended Declaration of Taking ("Isgar Second

Amended Declaration of Taking in reference to certain property located in La Plata

County, Colorado ("Isgar Second Amended Property").  [Docket Nos. 147 and 148.]

The authority for the taking of the Isgar Second Amended Property is set forth in the

Second Amended Schedule A attached to the Isgar Second Amended Declaration of Taking. [Docket No. 148.] The public uses for which the Second Amended Property is taken are set forth in Second Amended Schedule A attached to the Isgar Second Amended Declaration of Taking. [Docket No. 148.]

The Isgar Second Amended Property[1] consists of 61.10 acres, more or less, in fee simple estates and a temporary easement in, to, over, and across the Isgar Second Amended Property. [Docket Nos. 147 and 148.] The Isgar Second Amended Property consists of the following parcels:

     A.  Parcel RBR-5A(Fee)[2]  --  24.45 acres;

     B.  Parcel RBR-5B(T)[3]  --  18.64 acres;

     C.  Parcel RBR-5D(Fee)  --  9.15 acres; and

     D.  Parcel RBR-5E(Fee)  --  8.86 acres.

On April 12, 2007, Defendant Shirley Isgar and Defendant Charles Isgar represented, warranted, and stipulated that they were the rightful owners of the fee simple interest in the Isgar Second Amended Property at the time of the filing of the Isgar Second Amended Declaration of Taking. [Docket No. 151.]

The various amended complaints and amended declarations of takings are detailed in this Court's Order approving the Stipulated Settlement Agreement by and

[1] After the Isgar Second Amended Declaration of Taking was filed, a small surveying error and a small legal description error were discovered in Parcel RBR-5E(Fee). By Order dated October 3, 2008, the survey and legal descriptions of Parcel RBR-5E(Fee) were corrected. [Docket No. 190.]
[2] The designation "(Fee)" indicates that the parcel was taken in fee simple.

between Plaintiff United States of America and Defendant Shirley Isgar and Defendant Charles Isgar filed October 7, 2008.  [Docket No. 192.]

During this litigation the claims and/or disputes with all Defendants have been resolved as follows:

   A. **Defendants Shirley Isgar and Charles Isgar**

   On October 2, 2008, Plaintiff United States and Defendants Shirley Isgar and Charles Isgar entered into the Stipulated Settlement Agreement by and between Plaintiff United States of America and Defendant Shirley Isgar and Defendant Charles Isgar ("Isgar Settlement Agreement").  [Docket No. 187.]  A true and correct copy of the Isgar Settlement Agreement is attached hereto as Exhibit 1.  By Order dated October 3, 2008, the survey and legal descriptions of Parcel RBR-5E(Fee) were corrected.  [Docket Nos. 190.]  A true and correct copy of the October 3, 2008, Order is attached hereto as Exhibit 2.  Thereafter, on October 7, 2008, the Isgar Settlement Agreement was approved by Order of the Court.  [Docket No. 192.]  A true and correct copy of the Order approving the Isgar Settlement Agreement is attached hereto as Exhibit 3.

---

[3]  The designation "(T)" indicates that a temporary easement was taken.

B. **Defendant State of Colorado**

On June 11, 2007, Defendant State of Colorado filed the Disclaimer of

Defendant State of Colorado [Docket No. 168] in which Defendant

State of Colorado acknowledges and declares that it has no claim,

right, title, interest, and/or estate in the Isgar Second Amended

Property, except for the non-exclusive easement to be granted by

Plaintiff United States of America to Defendant State of Colorado for

Defendant State of Colorado's ingress and egress from La Plata

County Road 213 to Defendant State of Colorado's remaining land

holding south of Carbon Mountain as otherwise provided for in the

Stipulated Settlement Agreement by and between Plaintiff United

States of America and Defendant State of Colorado, filed on

February 9, 2007, in United States v. 117.54 Acres of Land, et al., Civil

Action No. 02-cv-01841-MSK-MJW, United States District Court for the

District of Colorado.  In addition, Defendant State of Colorado

disclaims and waives any and all claim, right, title, interest, and/or

estate in the just compensation, if any, paid, or to be paid, for the Isgar

Second Amended Property.  A true and correct copy of the Disclaimer

of Defendant State of Colorado is attached hereto as Exhibit 4.

C. **Defendants Wheeler One Trust and Collyer Family Trust**

On September 26, 2007, Defendant Wheeler One Trust and Defendant

Collyer Family Trust filed the Disclaimer of Interest of Defendant

Wheeler One Trust and Defendant Collyer Family Trust [Docket No. 175] in which each Defendant, jointly and severally, disclaim and waive any and all claim, right, title, interest, and/or estate in the just compensation, if any, paid, or to be paid, for the Isgar Second Amended Property, except and subject to the non-exclusive "Relocation Easement" as that term is defined as term "M" in the Stipulated Settlement Agreement by and between Plaintiff United States of America and Defendant Wheeler One Trust and Defendant Collyer Family Trust filed on February 16, 2007, [Docket No. 116] in the Wheeler Condemnation.  A true and correct copy of the Disclaimer of Interest of  Defendant Wheeler One Trust and Defendant Collyer Family Trust is attached hereto as Exhibit 5.

D. **Defendant La Plata County Treasurer**

Pursuant to Section V, Paragraph Q, of the Isgar Settlement Agreement, Defendant La Plata County Treasurer filed the Disclaimer of Interest by Defendant La Plata County Treasurer [Docket No. 199] in which Defendant La Plata County Treasurer disclaims and waives all claim, right, title, interest, and/or estate in the just compensation, if any, paid, or to be paid, for the fee simple estates condemned by this civil action.  A true and correct copy of the Disclaimer of the La Plata County Treasurer is attached hereto as Exhibit 6.

E.  **Defendant Chevron U.S.A. Inc.**

On August 26, 2009, Plaintiff United States and Defendant Chevron

U.S.A. Inc. filed the Disclaimer of Defendant Chevron U.S.A. Inc. and

Stipulation by and between Plaintiff, United States of America, and

Defendant, Chevron U.S.A. Inc. ("Chevron Disclaimer and

Stipulation").  [Docket No. 197.]  Pursuant to the terms and conditions

set forth in the Chevron Disclaimer and Stipulation, Defendant Chevron

U.S.A. Inc. disclaims and waives any and all claim, right, title, interest,

and/or estate in the just compensation, if any, paid, or to be paid, for

the fee simple estates and temporary easements on, over, across,

and/or under the Isgar Second Amended Property, and in the case of

the 638786 Surface Use Agreement, the Isgar Second Amended

Property (as the Isgar Second Amended Property is defined in the

Disclaimer of Interest of Defendant Collyer Family Trust and Defendant

Wheeler One Trust Wheeler Disclaimer).  A true and correct copy of

the Disclaimer of Defendant Chevron U.S.A. Inc. and Stipulation by

and between Plaintiff, United States of America, and Defendant,

Chevron U.S.A. Inc., is attached hereto as Exhibit 7.

F.  **Defendant Southern Ute Indian Tribe**

On May 30, 2007, Plaintiff United States and Defendant Southern Ute

Indian Tribe filed the Stipulation by and between Plaintiff United States

of America and Defendant Southern Ute Indian Tribe ("Southern Ute

8

Indian Tribe Stipulation") [Docket No. 166] in which Plaintiff United

States of America recognizes that Defendant Southern Ute Indian

Tribe has or may have an easement or right-of-way in, on, over, and

across Parcel RBR-5E(Fee) in the Isgar Second Amended Property.

Plaintiff United States of America also recognizes that Defendant

Southern Ute Indian Tribe may be immune from suit in this action.

Plaintiff United States and Defendant Southern Ute Indian Tribe

stipulate and agree that the filing of the Southern Ute Indian Tribe

Stipulation is not and shall not be construed as a waiver of Defendant

Southern Ute Indian Tribe's sovereign immunity.  Accordingly, Plaintiff

United States of America and Defendant Southern Ute Indian Tribe

stipulate and agree that this civil condemnation action shall not and

does not impact, affect, or extinguish any easement that Defendant

Southern Ute Indian Tribe may have or may later assert, in, on, over,

and across Parcel RBR-5E(Fee) in the Isgar Second Amended

Property irrespective of whether such easement is recorded,

unrecorded, deeded, prescriptive, or otherwise.  A true and correct

copy of the Southern Ute Indian Tribe Stipulation is attached hereto as

Exhibit 8.  On May 30, 2007, pursuant to the terms and conditions of

the Southern Ute Indian Tribe Stipulation, Defendant Southern Ute

Indian Tribe filed the Disclaimer of the Southern Ute Indian Tribe

[Docket No. 167] in which the Southern Ute Indian Tribe: (1) disclaims

and waives all right, title, interest, or claim in the just compensation paid, or to be paid, or the settlement payment paid, or to be paid, for the Isgar Second Amended Property; (2) states that the disclaimer is only for the purposes of this action; and (3) states that by the filing of the disclaimer, the Southern Ute Indian Tribe does not waive its sovereign immunity.  A true and correct copy of the Disclaimer of the Southern Ute Indian Tribe is attached hereto as Exhibit 9.

G. **La Plata Electric Association, Inc.**

On August 24, 2009, Plaintiff United States and Defendant La Plata Electric Association, Inc., ("LPEA") filed the Amended Stipulated Settlement by and between Plaintiff United States of America and Defendant La Plata Electric Association, Inc., ("LPEA Amended Stipulated Settlement Agreement") [Docket No. 196] in which Plaintiff United States and Defendant LPEA, for the purposes of the LPEA Amended Stipulated Settlement Agreement and for no other purposes, stipulated that Parcels RBR-5E(Fee) and RBR-5A(Fee) of the Isgar Second Amended Property are and were condemned subject to the LPEA Easements as described in the LPEA Amended Stipulated Settlement Agreement and are subject to the terms, conditions, and special conditions contained therein.  A true and correct copy of the Amended Stipulated Settlement by and between Plaintiff United States of America and Defendant La Plata Electric Association, Inc., is

attached hereto as Exhibit 10.  Pursuant to the LPEA Amended

Stipulated Settlement Agreement, Defendant LPEA also agreed to file

a disclaimer of interest as described in the LPEA Amended Stipulated

Settlement Agreement.  On November 7, 2012, Defendant LPEA filed

La Plata Electric Association, Inc's Disclaimer of Interest.  [Docket

No. 204.]  A true and correct copy of the Disclaimer of La Plata Electric

Association, Inc., is attached hereto as Exhibit 11.

H. **Defendant Atmos Energy Corporation**

On March 5, 2008, Defendant Atmos Energy Corporation filed the

Disclaimer of Atmos Energy Corporation ("Atmos Disclaimer") [Docket

No. 179] in which Defendant Atmos Energy disclaims all right, title, and

interest in and to the Isgar Second Amended Property and in and to

any award of just compensation or to any settlement proceeds

awarded in reference to the Isgar Second Amended Property, except

and subject to the easement described in paragraph 5 of the Atmos

Disclaimer.  A true and correct copy of the Disclaimer of Atmos Energy

Corporation is attached hereto as Exhibit 12.

I. **Defendant Qwest Corporation**

On November 7, 2007, Plaintiff United States and Defendant Qwest

Corporation filed the Stipulation Regarding Interest of Defendant

Qwest Corporation [Docket No. 176] in which Defendant Qwest

Corporation acknowledges and declares that it has no claim, right, title,

11

interest, and/or estate in the Isgar Second Amended Property, except

for any and all existing rights-of-way for roads, and rights-of-way for

telephone lines, transmission lines, ditches, conduits, or pipelines that

Defendant Qwest Corporation had at the time of the filing of the Isgar

Second Amended Declaration of Taking on March 22, 2007. [Docket

No. 148.] In addition, Defendant Qwest disclaims and waives any and

all claim, right, title, interest, and/or estate in the just compensation, if

any, paid, or to be paid, for the Isgar Second Amended Property. A

true and correct copy of the Stipulation Regarding Interest of

Defendant Qwest Corporation is attached hereto as Exhibit 13.

J.  **Defendants Unknown Owners**

On October 30, 2012, Default Judgment was entered as to Defendants

Unknown Owners. [Docket No. 203.]

THEREFORE, for good cause having been shown and for the reason that the

final resolution of the within condemnation action was completed on or about August 26,

2009, this Final Order is entered *nunc pro tunc* as of August 31, 2009, and it is hereby

ORDERED that the 61.10 acres, more or less, condemned in the Second

Amended Complaint and the Second Amended Declaration of Taking [Docket Nos. 147

and 148] in fee simple estates and temporary easements consisting of:

A.  Parcel RBR-5A(Fee)   --   24.45 acres;

B.  Parcel RBR-5B(T)   --   18.64 acres;

C. Parcel RBR-5D(Fee)    --    9.15 acres; and

D. Parcel RBR-5E(Fee)    --    8.86 acres

are for the public use as authorized by law, and it is further

ORDERED that Defendant Shirley Isgar and Defendant Charles Isgar were the rightful owners of Parcel RBR-5A(Fee); Parcel RBR-5B(T); Parcel RBR-5D(Fee); and Parcel RBR-5E(Fee) on March 22, 2007, at the time of the filing of the Second Amended Declaration of Taking [Docket No. 148] in this civil action, and it is further

ORDERED that the title to the fee simple estates for Parcel RBR-5A(Fee); Parcel RBR-5D(Fee); and Parcel RBR-5E(Fee) vested in the United States of America on March 22, 2007, upon the filing of the Second Amended Declaration of Taking [Docket No, 148] in this civil action, and it is further

A. **Defendant Shirley Isgar and Defendant Charles Isgar**

ORDERED that the Stipulated Settlement Agreement by and between Plaintiff United States of America and Defendant Shirley Isgar and Defendant Charles Isgar [Docket No. 187; Exhibit 1] is adopted by and incorporated into this Final Order; and it is further

ORDERED that the Order correcting the survey and legal description of Parcel RBR-5E(Fee) [Docket Nos. 190; Exhibit 2] is adopted by and incorporated into this Final Order; and it is further

ORDERED that the Order approving the Stipulated Settlement Agreement by and between Plaintiff United States of America and Defendant Shirley Isgar and Defendant Charles Isgar [Docket No. 192; Exhibit 3] is adopted by and incorporated into this Final Order; and it is further

### B.  Defendant State of Colorado

ORDERED that the title to the fee simple estates condemned in this civil action are subject to the terms and conditions of the Disclaimer of Defendant State of Colorado [Docket No. 168; Exhibit 4], which is adopted by and incorporated into this Final Order; and it is further

### C.  Defendants Wheeler One Trust and Collyer Family Trust

ORDERED that the title to the fee simple estates condemned in this civil action are subject to terms and conditions of the Disclaimer of Interest of Defendant Wheeler One Trust and Defendant Collyer Family Trust [Docket No. 175; Exhibit 5], which is adopted by and incorporated into this Final Order; and it is further

### D.  Defendant La Plata County Treasurer

ORDERED that the Disclaimer of Interest by Defendant La Plata County Treasurer [Docket No. 199; Exhibit 6] is adopted by and incorporated into this Final Order; and it is further

### E.  Defendant Chevron U.S.A. Inc.

ORDERED that the title to the fee simple estates condemned in this civil action are subject to terms and conditions of the Disclaimer of Defendant Chevron U.S.A. Inc. and Stipulation by and between Plaintiff, United States of America, and Defendant,

14

Chevron U.S.A. Inc. [Docket No. 197; Exhibit 7], which is adopted by and incorporated into this Final Order; and it is further

F. **Defendant Southern Ute Indian Tribe**

ORDERED that the title to the fee simple estates condemned in this civil action are subject to the terms and conditions of the Stipulation by and between Plaintiff United States of America and Defendant Southern Ute Indian Tribe [Docket No. 166; Exhibit 8], which is adopted by and incorporated into this Final Order; and it is further

ORDERED that the title to the fee simple estates condemned in this civil action are subject to the terms and conditions of the Disclaimer of the Southern Ute Indian Tribe [Docket No. 167; Exhibit 9], which is adopted by and incorporated into this Final Order; and it is further

G. **Defendant La Plata Electric Association, Inc.**

ORDERED that the title to the fee simple estates condemned in this civil action are subject to the terms and conditions, and special conditions of the Amended Stipulated Settlement by and between Plaintiff United States of America and Defendant La Plata Electric Association, Inc., [Docket No. 196; Exhibit 10], which is adopted by and incorporated into this Final Order, and it is further

ORDERED that the title to the fee simple estates condemned in this civil action are subject to the terms and conditions, and special conditions of the Disclaimer of La Plata Electric Association, Inc., [Docket No. 204; Exhibit 11], which is adopted by and incorporated into this Final Order, and it is further

## H. Defendant Atmos Energy Corporation

ORDERED that the title to fee simple estates condemned in this civil action are subject to the terms and conditions of the Disclaimer of Atmos Energy Corporation [Docket No. 179; Exhibit 12], which is adopted by and incorporated into this Final Order; and it is further

## I. Defendant Qwest Corporation

OREDERED that the title to fee simple estates condemned in this civil action are subject to the terms and conditions of the Stipulation Regarding Interest of Defendant Qwest Corporation [Docket No. 176; Exhibit 13], which is adopted by and incorporated into this Final Order; and it is further

## J. Defendants Unknown Owners

ORDERED that pursuant to the Default Judgment [Docket No. 203] Defendants Unknown Owners shall take nothing by reason of this civil condemnation action, and it is further

ORDERED that each party shall bear its own attorney's fees, costs and expenses; and it is further

ORDERED that this Final Order is entered *nunc pro tunc* as of August 31, 2009.

DATED: This 3 day of December, 2012.

BY THE COURT:

JOHN L. KANE
United States District Senior Judge

16